The People of the State of New York ex rel. City Bank Farmers Trust Company, as Trustee for Mabel Judson Harrison; City Bank Farmers Trust Company and Guy Cary, as Trustees for Virginia Randolph Harrison and Barbara Harrison, Appellants, v. William Stanley Miller and Others, as Commissioners of Taxes and Assessments, Constituting the Board of Taxes and Assessments in and for the City of New York, Respondents.

### (Tax Year 1934.)

The People of the State of New York ex rel. City Bank Farmers Trust Company, as Trustee for Mabel Judson Harrison; City Bank Farmers Trust Company and Guy Cary, as Trustees for Virginia Randolph Harrison; and Barbara Harrison Wescott, Appellants, v. William Stanley Miller and Others, as Commissioners of Taxes and Assessments, Constituting the Board of Taxes and Assessments in and for the City of New York, Respondents.

### (Tax Years 1935–1936.)

Per Curiam. Relators appeal from three final orders in three real estate tax certiorari proceedings for the years 1934, 1935 and 1936, which substantially increased the valuations recommended by an unofficial referee after a protracted trial of the issues. The issue on appeal is the proper valuation of the land.

Both sides concede that the building is an adequate improvement and that the building valuations as fixed by the court are fair and correct, although higher than

the assessments actually made on the buildings by the city's assessors. Capitalization of available net rental value was a very important factor in determining the proper full market value and was one of the methods used by all the experts called. The assessments on the land as fixed by the commissioners of taxes and assessments, and the valuations as testified to by all the experts indicate no change in land value during the three years in question. Accordingly, we think there is no proper basis in the record for the exceptional reduction allowed by the referee for the year 1936, and that the increase made by the Special Term for that year is not adequately supported by the evidence here adduced.

Confining ourselves, as we must, to the facts disclosed in the present record, we hold the value of the land for the three years in question to be not in excess of $825,000. Accepting the valuation of the building as fixed by the court at $130,000 for 1934, $127,000 for 1935, and $124,000 for 1936, and considering all the factors relevant, we determine the total valuation for land and building for the three years as follows: 1934, $955,000; 1935, $952,000; and 1936, $949,000.

The final orders appealed from should be modified accordingly and, as so modified, affirmed.

Present — Martin, P. J., O'Malley, Glennon, Untermyer and Dore, JJ.; Martin, P. J., dissents and votes to affirm.

Orders modified as stated in opinion, and as so modified affirmed. Settle order on notice.